UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| VINCENT DOBRSKI, ) | CASE NO. 1:13 CV 2839 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| BOB KING, et al., ) | |
| ) | |
| Defendants. ) | |

On December 2, 2013, *pro se* plaintiff Vincent Dobrski filed a complaint against defendants Bob King, Jimmie Williams, Jimmie Settles, Wendy Field-Jacobs and Darryl Nolan in the Cuyahoga County Court of Common Pleas. *See Dobrski v. King, et al*, No. CV 13 818083 (Ct. Com. Pl. Cuyahoga County)(Sutula, J.) Mr. Dobrski alleged the defendants discriminated against him based on his race, in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA) and/or the Age Discrimination in Employment Act (ADEA). Mr. Dobrski sought unspecified compensatory damages, 45 years of retirement credits and a buy-out from Ford's United Auto Workers (UAW) Union.

Defendants filed a Notice to remove the case to the District Court for the Northern District of Ohio on December 30, 2013 pursuant to 28 U.S.C. §§1331, 1332, 1441 and 1446, based on federal

question jurisdiction. Bob King, Jimmie Settles, Wendy Field-Jacobs and Darryl Nolan were served with a copy of the summons and complaint on December 12, 2013 and Jimmie Williams was served on December 16, 2013. In their Notice of Removal, defendants maintain that this court has federal question jurisdiction over Mr. Dobrski's complaint because he explicitly asserts violations of federal law. For the reasons set forth below, removal was proper as this Court has subject matter jurisdiction over Mr. Dobrski's claims, but the complaint is dismissed based on *res judicata.*

*Background*

The actions giving rise to this complaint allegedly occurred "as late as May 2013 and as early as March 2007." (Doc. No. 1-1 at 6.) Although Mr. Dobrski does not disclose his race in the complaint, he does suggest one African American employee was afforded preferential treatment, two African American employees treated him with disdain and failed to work on behalf of his best interests.

In March 2007, Mr. Dobrski complains he was removed while on approved vacation leave from Ford Motor Company's Walton Hills, Ohio stamping plant. He believes he was targeted because he ran for office against an African American employee. Although he was later paid for this vacation time, Mr. Dobrski claims Mr. Williams preferred the African American candidate and refused to allow him to run.

Between April 2007 and May 2013, Mr. Dobrski wrote Mr. King six times to determine the specific reason why he was fired. Each time he was given a vague response. When he telephoned Ford regarding his grievance, Mr. Nolan allegedly explained it takes "6 to 7 years to handle a grievance" and hung up the telephone laughing. Mr. Dobrski claims he initially asked a Caucasian employee to handle his grievance, but Mr. Williams eventually "wrestled it back to his office." (Doc.

No. 1-1 at 7.)

At some point in 2012, Mr. Dobrski contacted Ms. Field-Jacobs for help in an attempt to reply to his 5-day grievance. He claims his efforts were frustrated when Messrs. Williams and Settles, "who are African-American," contacted Walton Hills police to notify Mr. Dobrski he was not permitted on Ford's property "on account of an erroneous police report." (Doc. No. 1-1 at 7.)

Mr. Dobrski attaches an Equal Employement Opportunity Commission Charge (E.E.O.C. ), dated October 25, 2013, wherein he alleges the UAW discrimination based on race and nationality. He claims the UAW discriminated against him because he is Caucasian and Polish and was fired from Ford in April 2007. He adds that Mr. Williams, who was assigned as his Union representative, failed to properly represent him and was "negligent and dishonest" in handling his grievance. Mr. Dobrski alleges his superiors lied to him in an effort to protect Mr. Williams. Even after receiving a letter from UAW's attorney advising him that the matter was closed, Mr. Dobrski believes his grievance is still active.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that

federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

## *Res Judicata*

This is the second complaint Mr. Dobrski has filed against Jimmie Williams, Jimmy Settles and Wendy Field-Jacob. On July 1, 2013, he filed a civil rights complaint in this Court asserting federal jurisdiction pursuant to 42 U.S.C. §1983 and Title VII. *See Dobrski v. Williams*, No.1:13cv1439 (N.D. Ohio)(Polster, J.) The first complaint alleged, in relevant part:

> That on or about March 20, 2007 Dobrski was wrongfully terminated from his job with Ford Motor Company, 7845 Northfield Road, Walton Hills, Ohio 44146, while on approved vacation, running for election of Vice-President of Local 420 UAW, 7800 Northfield Road, Walton Hills, Ohio 44146, against an African-American candidate.
>
> A five day quit grievance, first and second stage, were fabricated with a false date stamp, in which Dobrski never was involved in. Union book states defendant in grievance (Dobrski) should be present to state claims, which he was not. Proper procedure, as dictated in the Union contract with Ford Motor, was not followed by Williams.

Id. (Doc. No. 1 at 2.)

On July 9, 2013, this Court issued a Memorandum Opinion dismissing the complaint for failing to state a claim for relief under Title VII or section 1983. All of the facts, relevant parties and claims presented in the July 2013 complaint are identical to the complaint before this Court. In both complaints, Mr. Dobrski argues he was discriminated against by African American employees because of his race. The only distinctions between the two complaints are the fact that, in his first, Mr. Dobrski included Bahati Jaha as a party defendant and in his second complaint he added federal claims under the ADA, the GINA and/or the ADEA.

The doctrine of *res judicata* promotes judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties. *See Parklane Hosiery Co. v. Shore*,

439 U.S. 322, 326 (1979). Under *res judicata*, a final judgment on the merits of an action bars relitigation between the same parties or their privies on issues that were or could have been raised in that action. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 467 n. 6 (1982); *Vinson v. Campbell County Fiscal Court*, 820 F.2d 194, 197 (6th Cir.1987). While it is generally raised as an affirmative defense, a court may raise the issue *sua sponte* under "special circumstances." *Arizona v. California*, 530 U.S. 392, 412(2000); *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 757 (6th Cir.2003); *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir.1989) (affirming a district court's *sua sponte* assertion of *res judicata* where the district court had decided the original case and adding that "a district court may invoke the doctrine of *res judicata* in the interests of, *inter alia*, the promotion of judicial economy"). The "special circumstance" recognized in *Arizona*, is when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412.

Four conditions must be met to dismiss a claim on *res judicata* grounds: 1) a final decision on the merits in the first action by a court of competent jurisdiction, 2) the subsequent civil action is between the same parties as the first action; 3) an issue or claim in the subsequent action was litigated or should have been litigated in the prior action; and 4) an identity of the causes of action. *See, e.g., Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 n. 4 (6th Cir.2007).

In July 2013, this Court dismissed Mr. Dobrski's claims of "reverse discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, and § 1983, stemming from defendants' purported unification 'against Plaintiff to aid an African-American employee in the Local 420 UAW Vice-Presidential election' and their alleged preferential treatment of grievances filed by

African-American employees" based on his failure to state a claim for relief. *Dobrski*, No.1:13cv1429 (Doc. No. 4.) A dismissal for failure to state a claim is a judgment on the merits and precludes a second action on the same claim, unless the court affirmatively states otherwise. *Guzowski v. Hartman*, 849 F.2d 252, 254–55 (6th Cir.1988). The first action contained no affirmative statement from the court stating that the judgment was other than on the merits. All relevant factors were specifically addressed to finally determine Mr. Dobrski's complaint failed to state a claim for relief under either a Title VII or section 1983.

The same operative facts outlined in the first complaint are restated in the complaint before this Court. Here, "the same transaction or connected series of transactions is at issue, . . . the same evidence is needed to support both claims, and . . . facts essential to the second were present in the first." *Prime Mgmt. Co. v. Steinegger*, 904 F.2d 811, 816 (2d Cir.1990) (quoting *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir.1983)). Mr. Dobrski's complaint before this Court includes the same principle parties named as defendants in his previous complaint. He revives the argument of reverse discrimination based on exactly the same fact pattern he outlined in the July 2013 complaint. Even generously construing this complaint to include claims under the ADA, GINA and ADEA, Mr. Dobrski does not allege he was prohibited from raising these claims in his previous complaint. Without any justication for his failure to raise these issues in his previous complaint, *res judicata* now precludes Mr. Dobrski from refiling this action against the same parties.

All elements necessary to dismiss a complaint based on *res judicata* have been met. Accordingly, this Court's final judgment on the merits of Mr. Dobrski's prior action "bars relitigation between the same parties or their privies on issues that were or could have been raised in that action." *Kremer*, 456 U.S. at 467 n. 6.

*Conclusion*

Based on the foregoing, the complaint is dismissed with prejudice based on *res judicata*. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 1/13/14*

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.